P. C. CARLTON v. ROXANA SIMONTON.

*Injunction—Subrogation—Surety.*

1. A surety who pays the debt, is subrogated to all the specific liens and securities which the creditor has against the principal debtor.

2. A surety who has to pay the debt, has no equity to follow the specific property which the principal debtor purchased with the borrowed money.

3. Where the principal debtor borrowed a sum of money, which he deposited in a bank which soon afterwards became insolvent, and the surety had to pay the debt, the surety has no equity to enjoin the principal debtor from collecting the dividends from the insolvent bank, until he can recover a judgment.

(*Miller* v. *Miller*, Phil. Eq., 85, cited and approved).

Motion to continue a restraining order to the hearing, in a CIVIL ACTION pending in the Superior Court of IREDELL

county, heard by *MacRae, Judge*, at Chambers, in Salisbury, on the 19th of February, 1886.

The following facts appear from the record :

The action was brought to recover of the defendant, the sum of $6,832.04, alleged to have been paid by plaintiff upon a judgment in favor of the National Bank of Charlotte, against defendant as principal, and plaintiff and C. A. Carlton as sureties, upon a note for $10,000, a copy of which is set out in complaint.

The plaintiff filed an amended or supplemental complaint, setting forth that the money borrowed upon said note was deposited to the credit of defendant in the Bank of Statesville ; that the Bank of Statesville became insolvent, and in a creditor's bill, now pending, a Receiver was appointed to take charge of its assets and distribute the same among its creditors.

That since the filing of the original complaint in this action, the defendant has been allowed to prove her debt against said Bank of Statesville, for the money so deposited, and an order has been made allowing her to draw from the Receiver, when assets come into his hands, thirty per cent. of her said claim, to make her equal with those creditors who have already been paid dividends from the assets, and that thereafter she share equally with the other creditors in the assets of said Bank ; that the defendant is insolvent, and that plaintiff is entitled, with the other surety who has paid an equal amount with himself in favor of the Bank of Charlotte, to be substituted to the rights of defendant, and allowed to follow the fund in the hands of the Receiver, and subject it to the payment of his claim against defendant for money paid to her use.

Plaintiff, in his affidavit, states that he is apprehensive that defendant may be induced to dispose of her said claim upon said fund, as from her conduct in this cause, plaintiff is advised and believes that she will leave no effort untried to defeat his recovery, by assigning or disposing of her said claim, before in the course of the action, plaintiff can obtain judgment. And, therefore, plaintiff asks that she be enjoined.

Upon the hearing before him, his Honor refused to continue the restraining order, and gave the following reasons :

" Leaving out of view the insufficiency of the plaintiff's averments of apprehension that defendant may dispose of her claim, and also the defendant's allegation of release, and of fraud on the part of the plaintiff, in the opinion of the presiding Judge, the plaintiff has shown no equity upon which he would be entitled to the injunctive relief prayed for.   If the identical money, borrowed upon the note made by defendant, plaintiff and another, to the Charlotte Bank, was deposited in the Bank of Statesville to the credit of defendant, it became simply a debt owing by the Bank of Statesville to defendant.

" And if plaintiff was compelled to pay a part of the judgment rendered upon the note, he has simply a claim against defendant for money paid to her use ; there were no securities in the hands of the creditor.   The Charlotte Bank would have had no equitable lien upon this fund, by reason of the fact that the identical money borrowed from it was loaned to the Statesville Bank, and there is no principle of substitution or subrogation, upon which the plaintiff might be substituted to defendant's rights.   There is no allegation of an intent upon the part of the defendant to dispose of her claim to defraud the plaintiff.   It appears that she has already disposed of a part of the same by assignment to her counsel.   She may have rights of personal property exemption in the same, or she may choose to pay other debts with the same.

"·The restraining order heretofore made is vacated, and the injunction pending the litigation is denied, and it is adjudged that the plaintiff pay the costs of this application."

From this order the plaintiff appealed to this Court.

*Mr. Theo. F. Klutz,* for the plaintiff.
*Mr. M. L. McCorkle,* for the defendant.

MERRIMON, J. (after stating the facts).   Manifestly the plaintiff fails to allege such a cause of action, and to state such facts,

as entitle him to the relief by injunction which he seeks. Granting that the defendant loaned the money she borrowed from the First National Bank of Charlotte, and for which she executed her promissory note, to which the plaintiff was a surety, and which he had to pay, to the Bank of Statesville, it does not follow that the debt due to her from the latter Bank, was in any way, either in law or equity, specifically applicable to the payment of the debt due from the defendant to the First National Bank of Charlotte, or to the payment of the debt due from her to the plaintiff, if she is indebted to him, for the consideration and as he alleges. The latter bank had no lien upon the debt due her, nor any equitable right to follow the money it loaned to her into the hands of the Bank of Statesville. When she so borrowed the money, in the absence of any special agreement, or fraud, it became hers absolutely, and she might dispose of it as she saw fit, and just as she could any other money or property she might have, unincumbered.

The plaintiff certainly had the right to be subrogated to any specific right, lien or security the creditor had, as to the debt due the defendant in question, but it is not alleged, nor does it appear that the creditor bank had any such right or security.

The plaintiff seems to think, that, as he, as surety, had to pay the debt of the defendant, he had the equitable right to have the debt due her, the consideration of which is the money she borrowed, the note for which he had to pay, applied to the payment of his debt against her. This is a misapprehension of the law. If a principal borrow money, give his note for the same with surety, and the surety afterwards is compelled to pay the note, this does not give the surety any lien or specific equitable right, to resort to and have the property, right or credit, the principal may have obtained with the very money he so borrowed, applied to the payment of his debt. In such case, the surety stands upon no better footing than any other creditor of the principal. The surety is simply a creditor of the principal without security. *Miller* v. *Miller*, Phil. Eq., 85.

It would seem at first view, that in natural justice, the surety ought to have the right to be substituted as the owner of the specific right or property the principal acquired with the very money he borrowed, because the surety indirectly, in effect, paid the consideration for it. But the complicated interests of society, the constant and rapid dealings of men with each other, the difficulty experienced in tracing the investment and application of money, and like considerations, make it necessary to treat the surety as an ordinary creditor, and to give his debt no special advantage over the just debt of any other creditor. It may be said, the surety, when he becomes such, does so voluntarily, and consents to accept the fortunes of the course of business transactions, good or ill.

The order appealed from must be affirmed, and to that end, let this opinion be certified to the Superior Court. It is so ordered.

No error.                                    Affirmed.